

IN THE
TENTH COURT OF APPEALS

No. 10-18-00384-CV

IN THE INTEREST OF J.T. AND A.T., CHILDREN

From the 74th District Court
McLennan County, Texas
Trial Court No. 2017-407-3

MEMORANDUM OPINION

Jessica R. appeals from a judgment that terminated her parental rights to her children, J.T. and A.T. TEX. FAM. CODE ANN. § 161.001 (West 2014). Jessica complains that the evidence was legally insufficient for the trial court to have found that termination of her parental rights was in the best interest of the children. Because we find that the evidence was legally sufficient, we affirm the judgment of the trial court.

The standard of review for legal sufficiency in termination cases is well-established. *In re J.F.C.*, 96 S.W.3d 256, 264-68 (Tex. 2002) (legal sufficiency). In reviewing the legal sufficiency of the evidence, we view all the evidence in the light most favorable to the finding to determine whether a trier of fact could reasonably have formed a firm

belief or conviction about the truth of the Department's allegations. *In re J.L.*, 163 S.W.3d 79, 84-85 (Tex. 2005); *J.F.C.*, 96 S.W.3d at 265-66. We do not, however, disregard undisputed evidence that does not support the finding. *J.F.C.*, 96 S.W.3d at 266. In assessing the sufficiency of the evidence, we cannot weigh witness-credibility issues that depend on the appearance and demeanor of the witnesses, for that is the factfinder's exclusive province. *In re J.P.B.*, 180 S.W.3d 570, 573-74 (Tex. 2005). Instead, we defer to the factfinder's credibility determinations as long as they are not unreasonable. *Id.*

In determining the best interest of a child, a number of factors have been considered which have been set out in the Texas Supreme Court's opinion, *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). This list is not exhaustive, but simply indicates factors that have been or could be pertinent. *Id.* There is no requirement that all of these factors must be proved as a condition precedent to parental termination, and the absence of evidence about some factors does not preclude a factfinder from reasonably forming a strong conviction that termination is in the children's best interest. *See In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). Evidence establishing one of the predicate grounds under section 161.001(1) also may be relevant to determining the best interest of the children. *See C.H.*, 89 S.W.3d at 27-28.

The Department originally removed the children from Jessica and James due to concerns about domestic abuse and drug use. Jessica had a fairly extensive history with the Department. Her two older children had previously been removed from her

possession and placed with Jessica's mother. J.T. and A.T. were placed with Jessica's mother initially but Jessica's mother asked that they be removed because Jessica was causing problems at that placement. The children were then placed with a fictive kin caregiver who had been taking care of the children for several hours a day.

During the pendency of the proceedings, Jessica did not complete her service plan and tested positive for drugs on multiple occasions. Jessica did not complete drug treatment or therapy and did not make significant progress in addressing the issues that led to the removal of the children. Jessica continued to see James and further incidents of domestic violence occurred. Jessica denied that she had been having contact with James and denied that she had used drugs despite the positive drug tests, primarily for methamphetamines. James, also a drug user, testified to the methods Jessica used to attempt to thwart the drug tests.

The children were placed with a caregiver who loved the children and wanted to adopt the children if possible. The children were allowed to visit with their siblings and Jessica's mother, which would continue even if the children were adopted. The children were happy in the placement and were bonded to the caregiver. The caregiver supervised one visit between the children and Jessica during which A.T. and Jessica were hitting each other. The caregiver had not observed aggressive behavior from A.T. outside of the visit with Jessica.

Jessica's parental rights were terminated pursuant to Section 161.001(b)(1)(D), (E), (O), and (P) and the trial court found that termination was in the best interest of the children. Jessica does not challenge the sufficiency of the evidence as to any of the predicate grounds, which included endangering conduct and surroundings as well as her failure to complete her service plan and ongoing drug use.

Viewing the evidence in the light most favorable to the judgment and deferring to the factfinder's credibility determinations, we find that the evidence was legally sufficient for the trial court to have found that termination of Jessica's parental rights was in the children's best interest. We overrule Jessica's sole issue.

**CONCLUSION**

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins[1]
Affirmed
Opinion delivered and filed February 20, 2019
[CV06]



---

[1] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003 (West 2013).